IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 12-240 |
| | ) | Civil No. 19-37 |
| | ) | Judge Nora Barry Fischer |
| JESSE NATHANIEL PENN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. INTRODUCTION

This matter is before the Court on a supplemental Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by Defendant Jesse Nathaniel Penn, Jr. ("Defendant"), (Docket No. 227), his Supplement filed by his appointed counsel, (Docket No. 254), and the Government's Response, (Docket No. 256). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [227] is denied.

II. BACKGROUND

The Court laid out the factual background of Defendant's case along with its extensive procedural history in its memorandum opinion disposing of Defendant's original § 2255 motion. (Docket No. 242). As such, the Court will limit its recitation of the facts and procedural history to Defendant's supplemental § 2255 Motion.

On September 18, 2012, a grand jury returned an indictment against Defendant for violating 18 U.S.C. § §922(g). (Docket No. 1). Specifically, the indictment alleged that on June 16, 2011, Defendant knowingly possessed two firearms along with ammunition. (*Id.*). Prior to June 16, 2011, Defendant had been convicted of multiple felonies, including a 2005 federal conviction for possession with intent to distribute heroin and carrying a firearm during a drug crime for which

1

he received 66 months imprisonment; and two 2006 state convictions for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. (*Id.*; Docket No. 86 ¶¶ 32, 34). Defendant proceeded to trial, and a jury found him guilty. (Docket No. 75). Defendant appealed, and the Third Circuit vacated his conviction, remanding the case for a re-trial. (Docket No. 119). At his second trial, the Government read the following stipulation to the jury:

> The parties stipulate and agree that prior to June 16, 2011, Mr. Penn was convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year. Furthermore, the parties agree that at no time thereafter was Mr. Penn's ability to lawfully possess a firearm restored. (Docket No. 191 at 9-10).

A jury again found Defendant guilty. (Docket No. 151). Judge Terrence McVerry sentenced Defendant to 204 months' imprisonment. (Docket No. 174). Defendant appealed once more, but this time the Third Circuit affirmed his conviction on September 21, 2017. (Docket No. 194).

On January 15, 2019, Defendant filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Docket No. 201). On June 21, 2019, while Defendant's motion was still being briefed, the Supreme Court handed down *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that the Government must prove that a defendant charged with violating § 922(g) *knew* he was a felon at the time he illegally possessed a firearm. On October 16, 2019, before the Court had decided Defendant's pro se motion, Defendant filed a motion for Leave to File a Supplemental Pleading requesting that the Court allow him to supplement his original § 2255 motion with a claim under *Rehaif*. (Docket No. 227). The Government elected not to oppose Defendant's request, (Docket No. 230), and the Court appointed defense counsel for Defendant to address the *Rehaif* issue, (Docket No. 239).

Later, on November 13, 2020, the Court denied the claims made in Defendant's original § 2255 motion and granted Defendant's request to supplement his motion with a claim inspired by

2

*Rehaif*. (Docket No. 243). On February 8, 2021, Defendant's counsel requested a stay of proceedings until the Supreme Court decided *Greer v. United States* and its companion case, *United States v. Gary*. (Docket No. 247). On January 26, 2022, Defendant's counsel filed a Supplement, (Docket No. 254), addressing the effect of *Greer* and *Gary* on Defendant's Motion, and the Government responded on February 2, 2022, (Docket No. 256). As such, the Court considers Defendant's Motion fully briefed and ripe for disposition.

### III. LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." Said motion must be filed within one year of, *inter alia*, the date the judgment of conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See id.* § 2255(f)(1), (f)(3). However, a § 2255 motion may not be used as "a substitute for an appeal." *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985). In that regard, claims raised in a § 2255 motion that were not raised on direct appeal are considered to be procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citation omitted). A defendant may show "cause" where a defaulted issue is considered "so novel that its legal basis [was] not reasonably available." *Reed v. Ross*, 468 U.S. 1, 16-17 (1984) (internal quotation marks omitted). But, mere "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that

3

particular time.'" *Bousley*, 523 U.S. at 623 (citation omitted). To show "actual prejudice" as a result of a trial error, a defendant must show that, but for the error, "the result of proceedings would have been different." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017); *United States v. Frady*, 456 U.S. 152, 169 (1982).

Even if a defendant cannot show cause and actual prejudice, his procedurally defaulted claim may be excused if he can show that the error "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (citation and internal quotation marks omitted). In that regard, "actual innocence" means "factual innocence, not mere legal insufficiency." *See id.* "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations and internal quotation marks omitted). Without a prerequisite showing of either cause and actual prejudice or actual innocence, the procedurally defaulted issue "may not be raised on collateral review." *See Massaro*, 523 U.S. at 504.

IV.   DISCUSSION

Defendant appears to argue that his conviction for violating § 922(g) is not valid because the Government did not prove that he knew he was a convicted felon at his trial. (Docket No. 227). Defendant's argument stems from the Supreme Court's decision in *Rehaif*. In *Rehaif*, the Supreme Court held that the knowledge requirement of § 924(a)(2) applied not only to the possession element of § 922(g), as it was previously interpreted, but also to the prohibited status element. 139 S. Ct. at 2194 ("We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status [under § 922(g)]."). The Supreme Court thereby included an additional knowledge-of-status element to § 922(g) violations. *See United States v. Nasir*, 982 F.3d 144, 161 (3d Cir. 2020) ("[I]t bears repeating that, until *Rehaif*, § 922(g) had not been understood as the Supreme Court interpreted it there[;] [n]o knowledge-of-status element had previously been

4

perceived in the statute, and no proof of it was required."). In this Court's estimation, Defendant has procedurally defaulted his *Rehaif* claim in his § 2255 Motion by not raising it on direct appeal after his conviction. Defendant also cannot show either cause and actual prejudice or actual innocence to excuse his procedural default. Accordingly, his Motion will be denied.

At the time of Defendant's conviction, the Government was required to prove the following elements for a conviction under § 922(g)(1): (1) the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the Defendant knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce. *See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

Assuming Defendant's Motion is timely and that *Rehaif* applies retroactively, the Court holds that Defendant has procedurally defaulted his *Rehaif* claim because he did not first raise it on direct appeal of his conviction. As Defendant acknowledges, he did not argue on appeal that the Government needed to prove the knowledge element of his felon status as later declared necessary by *Rehaif*. (Docket No. 254 at 1). Additionally, Defendant and the Government stipulated that Defendant was a felon, thus demonstrating Defendant's willingness to forego an argument about knowledge of his felon status. (Docket No. 191 at 9-10); *see Massaro*, 538 U.S. at 504.

Having found that Defendant has procedurally defaulted his claim by failing to raise it on direct appeal, he may raise it here in his § 2255 Motion only if he can first demonstrate cause and actual prejudice or actual innocence. *Bousley*, 523 U.S. at 622. After evaluating this case in light of the prevailing standards, it is this Court's opinion that Defendant has failed to show that either exception applies in this case. The Court's rationale follows.

First, Defendant cannot demonstrate "cause" to excuse his failure to raise his *Rehaif*- based claim concerning his conviction because the issue of felony-status-knowledge was not considered to be "so novel that its legal basis [was] not reasonably available" at the time of his appeal. *See*

5

*Reed*, 468 U.S. at 16. "While lower court decisions prior to *Rehaif* had held that the government did not need to prove the *mens rea* requirement to convict a defendant under § 922(g), the issue had been litigated in federal courts across jurisdictions for many years prior to [Defendant's] conviction." *United States v. Battle*, 2020 WL 4925678, at *5 (W.D. Pa. Aug. 21, 2020) (Schwab, J.) (quoting *United States v. Scott*, 2020 WL 1030927, at *13 (E.D. La. Mar. 3, 2020)). The Third Circuit had previously considered and rejected the prevailing argument in *Rehaif*, and the issue had been "percolating in the courts for years," including during the time of Defendant's case. *See id.* (citations and internal quotation marks omitted). The fact that the issue had not yet prevailed is not an excuse for failing to raise it on direct appeal. *See Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (citation omitted)). Since *Rehaif*'s holding that Defendant relies on here was reasonably available to him at the time of his conviction, he cannot show "cause" to excuse his failure to raise it on direct appeal.

Second, even assuming that Defendant could demonstrate "cause" for his failure to raise his *Rehaif* claims, he cannot show actual prejudice. Indeed, Defendant has not argued, much less shown a "reasonable probability," that but-for the Government's errors "the result of the proceedings would have been different." *See Lee v. United States*, 137 S. Ct. 1958, 1964 (2017); *see also United States v. Zareck*, 2021 WL 601510, at *76 (W.D. Pa. Sept. 24, 2021) (Conti, J.) (holding that defendant could not show that he "was *actually* prejudiced because this court did not instruct the jury that the government had to prove beyond a reasonable doubt that he knew he was an unlawful user of controlled substances or a felon" because of evidence in the trial record proving defendant's culpability). Defendant never claims that he did not know of his prohibited status on the date he possessed the firearm, nor could he make such a claim.

To that end, the facts in the Presentence Report established that Defendant had previously

6

been convicted of numerous criminal offenses that were punishable by imprisonment for more than one year, including convictions in federal court in 2005 for possession with intent to distribute heroin and carrying a firearm in furtherance of a drug trafficking crime. (Docket No. 86 ¶ 34). Defendant was sentenced to 66 months in prison with 36 months' supervised release for these federal crimes. *Id.* Additionally, Defendant stipulated to his prior felon status at trial. (Docket No. 191 at 9-10). Therefore, Defendant was aware of his felon status on June 16, 2011, when he possessed the firearms and ammunition, and cannot show actual prejudice. *See Rodriguez*, 2021 WL 601510, at *9 (holding that because Defendant "served almost four years in prison on [prior] convictions," "there [was] no reasonable probability that defendant would not have pled guilty"); *Roberts*, 2020 WL 6700918, at *4 (finding Defendant "fail[ed] to establish actual prejudice" "[g]iven [his] prior felony convictions, and given the fact that he had spent well over a year in prison prior to his June 2015 arrest"); *United States v. Saunders*, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020) ("There can be no doubt that [Defendant] knew of his conviction of a crime punishable by a term of imprisonment exceeding one year as he had served a term of imprisonment in excess of that amount of time.").

     Any doubt about whether a defendant could show actual prejudice after the ruling in *Rehaif* was resolved by the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021). In *Greer*, the Supreme Court considered whether a defendant convicted under § 922(g)(1) could reverse his conviction on plain error review via his direct appeal by showing "a reasonable probability that, but for the [*Rehaif*] error, the outcome of the proceeding would have been different." *Id.* at 2096 (quotation omitted). The Supreme Court reasoned that "absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* at 2097. Applying its reasoning, the Supreme Court observed, "[a]t trial, Greer stipulated to the fact that he was a felon," and thus he "cannot show that, but for the *Rehaif* error in the jury

7

instructions, there is a reasonable probability that a jury would have acquitted him." *Id.* at 2098. Just like in *Greer*, Defendant stipulated to his prior felony conviction at trial, and he has not produced other evidence showing how he could somehow prove that he did not know about his felony status. (Docket No. 191 at 9-10). Under *Greer*, Defendant cannot show actual prejudice.

Finally, Defendant's procedural default cannot be excused under the actual innocence exception pursuant to which he has the burden to demonstrate "that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623. Here, Defendant cannot show actual innocence for the same reasons that he cannot establish actual prejudice. *See Greer*, 141 S. Ct. at 2098. In this Court's estimation, any claim that Defendant did not know that he was a felon at the time of his possession of the firearm in this case is objectively meritless. To reiterate, Defendant was convicted of numerous crimes that were punishable by more than 1 year of imprisonment and served a term of incarceration in excess of 1 year before the date he was found in unlawful possession of a firearm, i.e., June 16, 2011. (Docket Nos. 86 ¶ 34; 191 at 9-10). As such, Defendant cannot show that no reasonable juror would have convicted him of violating § 922(g)(1). *See Rodriguez*, 2021 WL 601510, at *10; *Roberts*, 2020 WL 6700918, at *5; *Saunders*, 2020 WL 5569785, at *5 ("No reasonable juror would ever find that [Defendant] did not know that he had spent over two years in prison before he possessed a firearm."). With Defendant failing to demonstrate either cause and actual prejudice or actual innocence, his claims cannot survive procedural default and his Motion must be denied.

V. CONCLUSION

Based on the foregoing, Defendant's supplemental Motion [227] is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

                                                  <u>*s/Nora Barry Fischer*</u>
                                                  Nora Barry Fischer
                                                  Senior U.S. District Judge

Dated: February 9, 2022

cc/ecf: All counsel of record

Jesse Nathaniel Penn, Jr.
BOP # 08068-068
USP Atlanta-Low
P.O. Box 150160
Atlanta, GA 30315
(via U.S. mail)